IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:: | § | |
| | § | |
| ROYCE HOMES, LP | § | CASE NO. 09-32467-H4-7 |
|   DEBTOR | § | CHAPTER 7 |

### Trustee's Motion Regarding Serving Notices in this Estate

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 20 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:**

Rodney Tow, Trustee, files this Motion Regarding Serving Notices and would show the Court as follows:

1. On April 7, 2009, an Involuntary Petition under Chapter 7 of Title 11 of the United States Code was filed against the Debtor.

2. The Order of Relief in this case was entered on April 30, 2009. Rodney Tow was appointed Chapter 7 Trustee, qualified, and continues to act in that capacity.

3. Based on representations by Debtor's counsel, there will be over 14,000 creditors or potential creditors listed in this case.

4. The Trustee requests the Court to enter an order regarding three matters relating to notices in this case. The three matters are as follows:

    a. An order limiting notice.

    b. The notice that this case has been commenced and setting the 341 meeting; and,

    c. The notice of potential assets of this estate.

5. This motion is filed pursuant to 11 U.S.C. §§102, 105, 501 and Bankruptcy Rules 2002, 2003, and 9007.

6. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A).

7. Due to the number of creditors and parties in interest in this Estate, the Trustee is serving this Motion only on the parties receiving ECF notification. The Order accompanying this Motion contains negative notice language which will allow any creditor or party in interest to object to the contents of the Order.

## Order Limiting Notice

8. The Trustee is requesting that this Court enter an Order Limiting Notice to the Trustee, Trustee's attorney, Debtor, Debtor's attorney, the United States Trustee, twenty largest unsecured creditors and any parties filing a Notice of Appearance via either the ECF notification system, e-mail, or by first class mail.

9. It is estimated that there are over 14,000 potential creditors and/or parties in interest in this Estate. The cost of mailing documents to all of the creditors is approximately $6,160.00 in postage alone, a cost that is prohibitive to the Estate. In addition, the Trustee would be required to hire an outside copy service to make the copies, attach the postage, and perform the mail out at an additional cost to the Estate.

10. Therefore, the Trustee requests that this Court limit notice to the parties set forth in paragraph 7, supra, unless a party timely objects to the limitation.

### Notice of Commencement of Case and Setting 341 Meeting

11. Due to the shear number of creditors and parties in interest, the Trustee has been working with the Office of the Clerk of the Bankruptcy Court to coordinate the noticing of the commencement of the case, notice of the 341 meeting date, notice of the case as an asset case, and the deadlines for filing proofs of claim. The goal in coordinating the service of these matters is to reduce the cost by sending all notices in one mailing from the Court.

12. The Trustee has prepared, using Official Form B9D, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

13. Although Bankruptcy Rule 2003(a) provides that the 341 meeting shall be held no fewer than 20 days and not more than 40 days after the Order for Relief, the list of creditors was not filed until approximately June 5, 2009. As the list of creditors was not filed until approximately 36 days after the Order for Relief, it was impossible to notice or conduct the 341 meeting within the time set forth in Bankruptcy Rule 2003(a).

14. Due to the size and complexity of the Debtor's Schedules and Statement of Financial Affairs, the Trustee is requesting Court permission to hold the meeting on August 28, 2009, 120 days after the Order for Relief. A true and correct copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached hereto as Exhibit 'A".

### Notice of Potential Assets of this Estate

15. This case appears to be an asset case. As such, the Trustee is requesting that this Court authorize the Clerk of the Court to send the Trustee's Notice of Assets in the form attached

as Exhibit "B" to all creditors and parties in interest.

16. This will allow the deadline for filing proofs of claims to begin running and give the Trustee an idea regarding the number of creditors and amounts claimed to be owed by the Debtor.

## Mailing of the Order and Notices

17. The Trustee is requesting that this Court enter the attached Order which will;

   a. Limit notice of all notices, motions or applications to the Trustee, Trustee's attorney, Debtor, Debtor's attorney, the United States Trustee, twenty largest unsecured creditors and any parties filing a Notice of Appearance via either the ECF notification system, e-mail, or by first class mail;

   b. Authorize the Clerk of the Court to set the 341 meeting for 1:30 p.m. on August 28, 2009; and,

   c. Authorize the Clerk of the Court to mail the attached Order, Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, and the Trustee's Notice of Assets in one mailing to all of the parties on the creditor's mailing matrix.

Respectfully submitted this 11th day of June, 2009.

**TOW & KOENIG, PLLC.**

By: /s/ Julie M. Koenig
Julie M. Koenig
SBA# 14217300
26219 Oak Ridge Drive
The Woodlands, Texas 77380
281/681-9100 (Telephone)
832/482-3979 (Telecopier)
Jkoenig@towkoenig.com

Attorneys for the Trustee

**Certificate of Service**

      I hereby certify that a true and correct copy of the foregoing has been served by Nicole Oakley, a legal assistant in my office, on all of the parties currently receiving ECF Notification in this proceeding, on the 11th day of June, 2009.

                                                                                          */s/   Julie M. Koenig*
                                                                                          Julie M. Koenig