## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                              §
                                    §
ROYCE HOMES, LP                     §              CASE NO. 09-32467-H4-7
                                    §              CHAPTER 7
    Debtor                      §

### JOHN SPEER'S RESPONSE TO THE TRUSTEE'S POST-HEARING BRIEF ON TRUSTEE'S MOTION TO COMPEL JOHN SPEER COURT DESIGNATED REPRESENTATIVE OF THE DEBTOR TO TURNOVER DOCUMENTS AND OTHER INFORMATION PERTAINING TO THE DEBTOR'S ESTATE, PURSUANT TO 11 U.S.C. § 521(A)(3)

COMES NOW JOHN SPEER, Designated Representative, and files his *Response to the Trustee's Post-Hearing Brief on Trustee's Motion to Compel John Speer Court Designated Representative of the Debtor to Turnover Documents and Other Information Pertaining to the Debtor's Estate, Pursuant to 11 U.S.C. § 521(a)(3)*, and shows:

1.      To fully appreciate the Trustee's unprecedented request for this Court to compel Mr. Speer to conduct the Trustee's investigation by (a) creating documents, (b) reviewing and retrieving paper and electronic records already in the Trustee's possession and (c) locating the whereabouts of former employees, it must be understood why the Trustee believes he has the authority to command Mr. Speer to act.  The answer is astonishing.  The Trustee believes that Mr. Speer's knowledge is property of the estate and therefore the Trustee has the governmental authority to command Mr. Speer to act as the Trustee's servant to perform the Trustee's investigation.  And if Mr. Speer does not perform as the Trustee commands, this Court should hold him in contempt and punish him.

2.      Mr. Jones:      His [Mr. Speer's] knowledge is an asset of the bankruptcy estate?

| | |
|---|---|
| Trustee: | With respect to this company, absolutely without question. |
| Mr. Jones: | So what is in his [Mr. Speer's] head belongs to you, that's your testimony? |
| Trustee: | What is in his head with respect to his company belongs to this bankruptcy estate, absolutely.[1] |

3.      A person cannot be property of the estate for the Trustee to control. Yet, incredibly, this is what the Trustee argues.

4.       If Mr. Speer does not know the information requested by the Trustee a response of "I don't know" – no matter how genuine it may be – will never suffice. Instead, Mr. Speer must perform the Trustee's investigation and then report back to the Trustee with the answers the Trustee desires.

| | |
|---|---|
| 5.    Mr. Jones: | Mr. Speer has got to figure it out, but you don't have to, is that right? |
| Trustee: | That is exactly right.[2] |

6.      And to be assured that Mr. Speer performs as the Trustee commands, the Trustee requests that this Court compel Mr. Speer to follow the Trustee's commands, or else be punished.   Such relief is unsupported by the law, causes great due process concerns and is likely unconstitutional.

7.      In fact, under oath before this Court, Mr. Speer testified that he lacks the personal knowledge of many of the questions contained on the Trustee's Motion to Compel.[3]

---

[1]  5:00:32 – 5:00:45; (Mr. Speer has obtained a audio transcript of the August 6, 2009 hearing on the Trustee's Motion to Compel Royce Homes, L.P. to Turnover Documents and Other Information, Request for Hearing, and Request that John Speer be Ordered to Appear at the Hearing ("Motion to Compel").  The quotes from the hearing are referenced to the audio transcript.)
[2]  4:56:19-4:56-25.
[3]  5:44:40 – 5:45:39; 5:48:15 – 5:50:25.

8.      A debtor's duty to cooperate does not mean the debtor has the duty to investigate.  If it did, the Bankruptcy Code would have expressly stated that the debtor has the duty to investigate.  But it does not. To impose the duty of investigation on a debtor would be absurd.  If a debtor did have such duty, then what role would the trustee serve?  To check the debtor's investigative work?  Such interpretation of the debtor's duty to cooperate defies logic and the express language of the Bankruptcy Code.  The Bankruptcy Code expressly provides that it is the Trustee that has the duty to investigate, not the Debtor.  11 U.S.C. §§ 521 & 704.

9.      The Trustee attempts to disguise his unprecedented request by rationalizing that compelling Mr. Speer to follow his commands is proper because: (a) the estate presently has no money and thus taking Mr. Speer's 2004 is cost prohibitive; (b) too many documents have been produced to review; (c) the Trustee is being turned into a "self study" "detective" if he has to review all of the Debtor's books, records and financial information already delivered by the Debtor; and (d) a Motion to Compel Mr. Speer to follow the Trustee's command is merely just a discovery tool, does not seek any sort of sanctions and should not be adversarial.

10.     The Trustee's arguments are absurd:  (a) given the Trustee's Motion to Compel, the lengthy hearing and obvious preparation for such hearing and the 20 page post-hearing brief filed by the Trustee, a 2004 examination of Mr. Speer is clearly less expensive than the path chosen by the Trustee; (b) this is a large estate in terms of documents, and large estates require more trustee time to thoroughly investigate the debtor's affairs than small estates, this is simply a fact of being a trustee; (c) the Trustee cannot shift his investigative burden and fiduciary duty to Mr. Speer by arguing that

causing the Trustee to review the information already produced and requiring the Trustee to take Mr. Speer's 2004 examination improperly makes the Trustee a "self study" "detective"; and (d) the Trustee has the gall to argue that his relationship with Mr. Speer should not be adversarial despite the fact that the Trustee is (i) seeking to avoid all the due process requirements of formal discovery, (ii) compelling Mr. Speer to provide information, and if Mr. Speer does not provide such information Mr. Speer should be punished by this Court regardless of whether he has such knowledge, and (iii) basing his request relief upon inapplicable case law in which the debtor was typically found to be a "bad actor" for either hiding assets or failing to turn over documents.  It appears the Trustee believes that for Mr. Speer to fulfill his duty to cooperate and for his relationship with the Trustee to be non-adversarial, Mr. Speer must – without complaint – perform as the Trustee commands.

11.     In reality, the Trustee likely seeks to avoid the *required* formal discovery because the Trustee realizes that as a result of the Debtor being a large company – with at one time up to 300 employees – a proper investigation requires the 2004 examination of not just Mr. Speer, but a large number of the Debtor's former employees.  This is because, as in any large company, different people perform different tasks and therefore have different knowledge.  The Trustee ignores such reality and instead seeks to treat the Debtor as a "mom and pop" business pretending that Mr. Speer must have all of the knowledge of the Debtor.

12.     Moreover, the Trustee has apparently hired an accounting firm purportedly with the ability to retrieve the information contained on the Debtor's servers.  In fact, the accounting firm representative testified that it would be easy to access the information on

the servers.[4]   If such retrieval is easy, then why should Mr. Speer be compelled to perform these investigative duties?  Moreover, the Trustee has been provided the identity and contact information for the Debtor's former IT person who has knowledge of the servers and how to retrieve the information contained therein.  Yet, the Trustee has failed to contact this person.

13.     The Trustee and his professionals have not reviewed all of the records produced by the Debtor to fulfill the Trustee's duty of investigation[5].  Instead, the Trustee seeks to compel Mr. Speer to perform such investigation.  This is improper and the Trustee's requested relief should be denied.

**The case law cited by the Trustee fails to support his requested relief.**

14.     The case law cited by the Trustee fails to support his argument that Mr. Speer must be compelled to follow the Trustee's commands, or else.  Instead, the Trustee has merely "cherry picked" key phrases from these cases and then misused them out of context as purported support for his absurd argument.

15.     For example, the Trustee cites *In re Bossart*[6] for the proposition that the Trustee is "not a [d]etective" and, therefore, "it is not the Trustee's job to play connect-the dots with the Debtors' schedules and SOFA.  It was the Debtor's duty to make as full and complete a disclosure as possible.  The three most important words in bankruptcy are: disclose, disclose, disclose."  Yet, the issue in *Bossart* was not whether the debtors

---

[4] 5:38:38 – 5:39:38.

[5] Moreover, the Trustee is seeking to compel Mr. Speer to produce information already in the Trustee's possession, such as a corporate chart and contact information for certain banks.  The Trustee's own exhibits establish that the Trustee is in possession of such information.  It defies logic why Mr. Speer should be forced to recreate these documents from memory, as opposed to the Trustee using the more reliable documents received from the Debtor's accountants and from the server.  If the Trustee wants to take Mr. Speer's 2004 examination and ask him questions about these documents, Mr. Speer is available to testify. However, it is improper to compel Mr. Speer to recreate this information already in the Trustee's possession.

[6] 2007 WL 4561300 (Bankr. S.D. Tex. 2007).

should be required to perform the trustee's duty of investigation.  Rather, *Bossar*t is a hidden asset case.  *Bossart* involves debtors who purchased an annuity on the eve of filing bankruptcy and failed to disclose the existence, timing and amounts of virtually all the transactions related to the purchase of the annuity on their bankruptcy schedules. This case provides no support to compel Mr. Speer to create documents, investigate financial records or retrieve documents already in the Trustee's possession.  *Bossart* merely stands for the proposition that a debtor must provide complete schedules and statement of financial affairs ("SOFA") so the trustee can rely upon those documents in performance of his duty of investigation.

16.     *In re Bianco*[7] also fails to support the Trustee's argument that Mr. Speer must investigate the Debtor's affairs.  *Bianco* concerns the failure of a debtor to produce certain documents to the trustee.  While the court did compel the debtors to turnover such information to the trustee, the remedy for failing to do so was not sanctions, but rather dismissal of the voluntary bankruptcy proceeding.  *Bianco* provides no support to the Trustee, as the Debtor has apparently turned over all of its records to the Trustee.

17.     *In re McDonald*[8] is also a "failure to produce case" and is equally unhelpful to the Trustee.  *McDonald* involves a Section § 727 action brought by the trustee because the debtor refused to turn over his tax return.  The trustee in  *McDonald* neither requested, nor did the court require, the debtor to create documents or conduct an investigation at the trustee's direction.  This case is inapplicable.

18.     Next, the Trustee cites *In re Red River Energy, Inc.,*[9] in an apparent attempt to impute this Court's prior decision against the debtor's representative in that

---

[7]   5 B.R. 466, 468 (Bankr. D. Mass. 1980).
[8]   25 B.R. 186 (Bankr. N.D. Ohio 1982).
[9]   2009 WL 1867695 (Bankr. S.D. Tex. June 26, 2009).

case, to Mr. Speer.  However, the holding in *Red River Energy* is inapplicable.  As the Court is well aware, *Red River Energy* is concerned entirely with "who must serve as the [d]ebtor's representative to ensure that these duties are performed with full disclosure and accuracy."[10]  The Debtor's representative in this case is not in question.  Mr. Speer is the Debtor's designated representative.  How the Court's analysis in that case provides any support for the proposition that Mr. Speer is required to investigate, organize, sort and present the information to the Trustee in a manner consistent with the Trustee's liking is inconceivable.

19.     The Trustee cites *In re Nichols*[11] for the proposition that the debtor must fulfill its obligation under the Bankruptcy Code to ensure effective functioning of the bankruptcy system.  Mr. Speer does not disagree with this proposition.  Mr. Speer objects, however, to the Trustee's argument that Mr. Speer should effectively become the Trustee's servant and perform the Trustee's fiduciary duties.

20.     Throughout the Trustee's Brief, he repeatedly cites cases for the proposition that Section 521(a)(3) establishes a general open-ended duty of the debtor to cooperate with the trustee as necessary so the trustee may perform his duties.  He states that this cooperation may include actions necessary to locate and dispose of property of the estate.  The Trustee cites *In re Restaurant Development Group, Inc.*[12] as evidence of this proposition.  *Restaurant Development Group* does not involve the issue of whether the duty of cooperation equals the duty of investigation.  Rather, the issue in *Restaurant Development Group* concerned a chapter 7 debtor's counsel and a potential conflict of interest caused by his representation of the debtor and of the debtor's designated

---

[10]  Id. at *1.
[11]  2009 WL 2406172 (Bankr. E.D.N.C. Aug. 5, 2009).
[12]  402 B.R. 282 (N.D. Ill. 2009).

representatives in an adversary brought by the trustee. *Restaurant Development Group* provides no support for the Trustee's argument that Mr. Speer has a duty to investigate, organize, sort and present the information to the Trustee in a manner to the Trustee's liking; nor does it indicate that Mr. Speer is under any general duty to perform the Trustee's investigation.

21.     The Trustee cites *In re Firrone*[13] and *In re Kent*[14] for the proposition that the Trustee should not be forced to drag information from the debtor or compel the trustee to reconstruct a debtor's transactions and that the debtor is under an affirmative duty to assist the trustee in assembling records.[15]   However, neither case supports the proposition that the debtor or debtor's representative should assume the trustee's fiduciary responsibility to investigate the debtor's financial situation. *Firrone* involves a chapter 7 debtor that failed to disclose a post-petition inheritance.   The holding in *Firrone*, turns on the debtor's duty pursuant to Bankruptcy Rule 1007(h) to disclose an inheritance post-petition by filing supplemental schedules.[16]   The debtor in *Kent* was sued under Section 727 for denial of discharge based upon his false oath on his schedules. The debtor in *Kent* never produced any financial statements and never revealed the existence of hundreds of thousands of dollars worth of assets.

22.     *Firrone* and *Kent* are inapplicable because the Trustee is not arguing lack of disclosure, rather the Trustee is requesting that Mr. Speer perform tasks outside of what is required under Section 521.   Furthermore, unlike *Firrone* and *Ken*, and as repeatedly emphasized by the Trustee in his Brief, Mr. Speer spent a considerable amount

---

[13]   272 B.R. 213 (Bankr. N.D. Ill. 2000).
[14]   *Wendel v. Kent (In re Kent)*, 92 B.R. 540 (Bankr. S.D. Fla. 1988).
[15]   Brief ¶ 16.
[16]   *Id.* at 216.

of time confirming that the Debtor's schedules were correct.  As stated by the Trustee: (i) Mr. Speer personally verified "line by line, 3,000 pages of schedules.  His DNA was on every page"; (ii) "Speer was crystal clear the schedules would be as true and accurate as possible"; (iii) "Speer spent one last time going through every entry on the schedules before he signed."[17]   The Trustee does not allege any problems or inconsistencies with the Debtor's schedules.  Thus, the debtor's duties analyzed in *Firrone* and *Kent* provides no safe harbor for the Trustee.

23.     Relying on *In re Guttman*,[18] the Trustee argues that Mr. Speer should be required to create documents at the Trustee's request.  *Guttman*, involves a Section 727 action based upon a debtor's failure to list assets on the his schedules.  The Trustee's reliance on *Guttman* is disingenuous at best.  *Guttman* concerned the trustee's Section 727(a)(4)(D) action regarding "the debtor's duty to maintain and turn over recorded information which bears upon the debtor's financial condition and business affairs."[19] The debtor in *Guttman* failed to produce documents until just before trial.  The court found that it was his duty to produce the documents.  *In re Guttman*, does not support the proposition that a debtor is under a duty to create documents at the trustee's request or perform the other tasks requested by the Trustee.[20]

24.     The Trustee citing *In re Sowers*[21] again improperly relies on case law that provides no support for his requested relief.  *Sowers* is a case in which the trustee sought sanctions against the debtor for hindering the trustee's attempt to recover property of the estate.  Unlike the debtor in *Sowers*, the Debtor has apparently turned over all of its

---

[17]   Brief ¶ 12.d.
[18]   237 B.R. 643 (Bankr. E.D. Mich. 1999)
[19]   *Id.* at 650.
[20]   Brief ¶ 28.
[21]   94 B.R. 480 (Bankr. N.D. Ind. 1989).

property to the Trustee.  *Sowers* provides no support for the proposition that Mr. Speer is under a duty to provide his knowledge to the Trustee without being under oath in an examination conducted pursuant to the Federal Rules.  The Trustee requests Mr. Speer to perform the Trustee's investigation and then create documents based on that investigation.  *Sowers* is irrelevant.

25.     The Trustee relying on *In re Robinson* and *In re Benett* again cites "hidden asset cases" in a weak attempt to support his argument that Mr. Speer must investigate the Debtor's affairs.   Again the Trustee "cherry picks" his favorite phrase "playing detective" which peppers his Brief.   While it is undisputed that a debtor has a duty to disclose all assets on its schedules and the trustee should not be forced to act as a detective to learn of hidden assets, these cases are inapplicable because the Trustee's Motion to Compel is not based upon hidden assets, but rather based upon the Trustee's attempt to shift his duty of investigation on Mr. Speer.  *Robinson* and *Benett* fail to provide any support for the Trustee's argument.

26.     Lastly, the Trustee relies on *In re Caserta*.   However, the Trustee conveniently ignores the fact that the debtor in *Caserta* filed vague and indefinite schedules and SOFA.  The *Caserta's* debtor's responses to interrogatories were equally vague and unresponsive and the debtor refused to testify in response to questions about the documents in the 2004 examination.  Further, the *Caserta* trustee did not request the debtor to investigate and create documents for the trustee.  Here, the Trustee has yet to hold the 341 meeting, no formal discovery has been propounded, and the Trustee is attempting to abdicate his investigative responsibilities onto the Debtor's representative.

27.     The Trustee fails to cite to a single case supporting his requested relief. The Trustee – not the Debtor – has the duty to investigate.   Requiring Mr. Speer to conduct the Trustee's fiduciary duty of investigation is improper.   Denial of the Trustee's Motion to Compel is proper.

Respectfully submitted:

/s/ Steven Shurn_____
Wayne Kitchens          TBN: 11541110
wkitchens@hwa.com
Steven Shurn    TBN: 24013507
sshurn@hwa.com
HUGHESWATTERSASKANASE, L.L.P.
333 Clay, 29th Floor
Houston, Texas 77002
Telephone (713) 759-0818
Telecopier (713) 759-6834
**ATTORNEYS FOR JOHN SPEER**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Response was served on the parties on the attached Service List by ECF and/or First Class United States Mail, Postage Prepaid on this 18th day of August 2009:

*/s/ Steven Shurn*
Steven Shurn

**Case No. 09-32467**
**Service List**

**Debtor**
Royce Homes LP
7850 N. Sam Houston Parkway West
Houston, TX 77064

**Debtor's Attorney**
David Ronald Jones
Porter and Hedges LLP
1000 Main Street, 36th Floor
Houston, TX 77002-6336

**Petitioning Creditors**
Wisenbaker Builder Services Inc
Attn: Joe Chiavone
1703 Westfield Loop
Houston, TX 77073

Suncoast Post Tension Ltd
Attn: Bob Glug
509 N. Sam Houston Parkway, Suite 300
Houston, TX 77060

Builders Mechanical Inc.
Attn: Trent Kerr
11143 Spring Cypress Road
Tomball, TX 77375

Luxury Baths by Arrow
Attn: Martha Vasquez
5855 Cunningham
Houston, TX 77041

**Petitioning Creditors' Attorney**
Patrick Lamont Hughes
Haynes & Boone LLP
1221 McKinney, Suite 2100
Houston, TX 77010
*Via Electronically* hughesp@haynesboone.com
*Via Electronically* peter.ruggero@haynesboone.com

**Chapter 7 Trustee**
Rodney D. Tow
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
*Via Electronically* rtow@towkoenig.com
*Via Electronically* jwarren@towkoenig.com

**Chapter 7 Trustee's Attorney**
Jason M. Rudd
Diamond McCarthy Taylor & Finley, L.L.P.
909 Fannin, Ste 1500
Houston, TX 77010
*Via Electronically* jrudd@diamondmccarthy.com
*Via Electronically* kspeedy@diamondmaccarthy.com

Julie Mitchell Koenig
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
*Via Electronically* jmkoenig@towkoenig.com

**U.S. Trustee's Office**
Diane G. Livingstone
515 Rusk St., Ste. 3516
Houston, TX 77002
*Via Electronically* diane.g.livingstone@usdoj.gov

Stephen Douglas Statham
515 Rusk, Ste 3516
Houston, TX 77002
*Via Electronically* stephen.statham@usdoj.gov

**Parties in Interest**
Hammersmith Group, Inc.
7850 N. Sam Houston Pkwy W
Houston, TX 77064

John Speer
16427 Telge Road
Cypress, TX 77429

Texas Attorney General
808 Travis, Suite 300
Houston, TX 77002

**Case No. 09-32467**
**Service List**

Harris County Tax Assessor-Collector
1001 Preston, Ste. 100
Houston, TX 77002

Internal Revenue Service
P.O. Box 6604096
Dallas, TX 75266

Decker Oaks Development II
c/o Margaret McClure
909 Fannin, Ste. 1580
Houston, TX 77010

Terri King
P.O. Box 40010
Houston, TX 77240

Action Gypsum
Attn: Monica Pedrosa
P.O. Box 40010
Houston, TX 77240

Lisa Childress
P.O. Box 19849
Houston, TX 77224

Bison Building
P.O. Box 19849
Houston, TX 77224

Perfection Fireplace & Supply
6742 N. Eldridge Pkwy
Houston, TX 77040

Wachovia Bank
c/o Christina M. Putman
Seyforth Shaw
700 Louisiana St., Ste. 2700
Houston, TX 77002-2797

George Kopecky
c/o Scott D. Cunningham
The Cunningham Law Firm
7500 San Felipe, Ste. 1010
Houston, TX 77063

Royce Homes, LP
Hammersmith Group, Inc.
c/o Michael Wilk
Hirsch & Westheimer, P.C.
700 Louisiana, Ste. 2550
Houston, TX 77002-2772

Kyung S. Lee
Diamond McCarthy, LLP
909 Fannin Street, Ste. 1500
Houston, TX 77010

Texas Capital Bank, N.A.
c/o Richard A. McKinney
Higier Allen & Lautin, P.C.
5057 Keller Springs Rd., Ste. 600
Addison, TX 75001-6231
*Via Electronically* rmckinney@higierallen.com
*Via Electronically* keisma@higierallen.com

Daniel Paz
Higier Allen & Lautin, P.C.
5057 Keller Springs Rd., Ste. 600
Addison, TX 75001-6231

David Showalter
Showalter Law Firm
1117 FM 359, Ste. 200
Houston, TX 77406-2013
*Via Electronically* mail@showalterlaw.com

Joshua Leal
Showalter Law Firm
1117 FM 359, Ste. 200
Houston, TX 77406-2013
*Via Electronically* joshua@showalterlaw.com

**Case No. 09-32467**
**Service List**

SouthFork Community Association
LinGo Southfork, Ltd.
c/o Gregory Crinion
Ashby Crinion LLP
17040 El Camino Real, Ste. 200
Houston, TX 77058
*Via Electronically* jklebo@ashbycrinion.com

Mozley Acquisition and Development
Partners, LP
c/o W. Steven Bryant
600 Travis, Ste. 3400
Houston, TX 77002
*Via Electronically* hobankecf@locklord.com

Wachovia Bank, NA
Walter J. Cicak
Seyfarth Shaw LLP
700 Louisiana, Suite 3700
Houston, TX 77002
*Via Electronically* wcicack@seyfarth.com
*Via Electronically* kbaldwin@seyfarth.com
*Via Electronically* mallen@seyfarth.com

John P. Dillman
P.O. Box 3064
Houston, TX 77253-3064
*Via Electronically*
Houston_bankruptcy@publicans.com

Decker Oaks Development II
c/o Dennis Dylewski
909 Fannin, Ste. 1150
Houston, TX 77010
*Via Electronically* dmdylewski@sbcglobal.net
*Via Electronically* jktreadway@sbcglobal.net
*Via Electronically* Inwhittredge@sbcglobal.net

Decker Oaks Development II Ltd.
617 West Main
Tomball, TX 77375

Himesh M. Ghandi
130 Industrial Blvd., Ste. 110
Sugar Land, TX 77478
*Via Electronically* hgandhi@hrbacel.com

Sandtrap Grill
c/o Edgar A. Goldberg
Attorney at Law
819 Lovett
Houston, TX 77064
*Via Electronically* egold56@sbcglobal.net

Patricia Hair
Phelps Dunbar LLP
700 Louisiana, Ste. 2600
Houston, TX 77002
*Via Electronically* patricia.hair@phelps.com
*Via Electronically* terri.hodo@phelps.com

Nancy Hamren
Coats Rose Yale Ryman & Lee PC
3 Greenway Plaza, Ste. 2000
Houston, TX 77046
*Via Electronically* nhamren@coatsrose.com
*Via Electronically* tfritsche@coatrose.com

Hanson Brick & Tile
c/o Bell Nunnally & Martin
Attn: Heather H. Jobe
3232 McKinney Ave., Ste. 1400
Dallas, TX 75204

Deborah F. Bates
c/o Henry J. Kaim
King & Spalding, LLP
1100 Louisiana, Ste. 4000
Houston, TX 77002
*Via Electronically* hkaim@kslaw.com

Masco Builder Cabinet Group, Inc.
c/o Jason Kennedy
Thomas Feldman Et Al
9400 N. Central Expressway, Ste. 900
Dallas, TX 75231-5021
*Via Electronically* jkennedy@tfandw.com
*Via Electronically* cschaller@tfandw.com

**Case No. 09-32467**
**Service List**

Klein ISD
c/o Carl O Sandin
Perdue Brandon Fielder Et Al
1235 N. Loop W., Ste. 600
Houston, TX 77008
*Via Electronically* csandin@pbfcm.com
*Via Electronically* tpope@pbfcm.com

Tri-Tech Surveying Company, LP
c/o Robert C. Vilt
5177 Richmond Ave., Ste. 1230
Houston, TX 77056
*Via Electronically* cvilt@sbcglobal.net

RBC Builder Finance
11011 Richmond Avenue, Ste. 850
Houston, Texas 77042

UPS
5552 E. Inverness Avenue
Mesa, AZ 85206

Paul Bettencourt
Tax Assessor-Collector
Harris County
PO Box 3547
Houston, TX 77253-3547

HC Glen Abbey Residential Association,
Inc.
PO Box 219223
Houston, TX 77218-9223

City of Charlotte
Billing Center
PO Box 33831
Charlotte, NC 28233-3831

McCarthy, Burgess & Wolff
The MB&W Building
26000 Cannon Road
Cleveland, OH 44146

American Express
Membership Rewards
PO Box 297813
Ft. Lauderdale, FL 33329-9785

Willams Mullens
Attn: Ronald R. Rogers
PO Box 19764
Raleigh, NC 27619-9764

Greenwood Insurance Company
3934 FM 1960 west, Ste. 240
Houston, TX 77068

Texas Insurance Group, Inc.
428 Harwood Road
Bedford, TX 76201

City of McKinney
Alarm Program
PO Box 140549
Irving, TX 75014-0549

Centerpoint Energy
PO Box 4981
Houston, TX 77210

Reliant Energy
PO Box 650475
Dallas, TX 75265

Harris County MUD #154
PO Box 4245
Houston, TX 77210-4245

Lake MUD
PO Box 3038
Houston, TX 77253

Malcomson Road UD
PO Box 3030
Houston, TX 77253-3030

**Case No. 09-32467**
**Service List**

Fort Bend County MUD #165
PO Box 3033
Houston, TX 77253-3033

Fort Bend County MUD #50
PO Box 4322
Houston, TX 77210-4322

Fort Bend County MUD #24
PO Box 3037
Houston, TX 77253-3037

Cypress Forest Public Utility District
P.O. Box 3036
Houston, TX 77253-3036

Comerica Bank
P.O, Box 75000
Detroit, MI 48275

Northwest Service Center
2324 LaSalle Street
Charlotte, NC 28216

Pasadena ISD
Tax Office
P.O. Box 1318
Pasadena, TX 77501

City of Gastonia
Customer Service Division
PO Box 1748
Gatonia, NC 28053-1748

Williams Mullen
PO Box 19764
Raleigh, NC 27619-9764

Harris County MUD #397
PO Box 218025
Houston, TX 77218-8025

IRS
Memphis, TN 37501-0250

IRS
P.O. Box 57
Bensalem, PA   19020-0057

Fulton County Tax Commissioner
P.O. Box 105052
Atlanta, GA 30348-5052

Fulton County Board of Assessors
Fulton County Government Center
141 Pryor Street SW, Ste. 1056
Atlanta, GA 30303

Jackson County Board of Assessors
67 Athens Street
Jefferson, GA 30549

Leo Vasquez
Tax Assessor-Collector
PO Box 4622
Houston, TX 77210-4622

Texas Workforce Commissions
Benefits-Chargebacks
101 E 15th Street Room 354
Austin, TX 78778-0001

Duke Energy
P.O. Box 70515
Charlotte, NC 28272-0515

Aztec
Tents and Events
601 W. 6th Street
Houston, TX 77007

Northwest Service Center
2324 LaSalle Street
Charlotte, NC 28216

**Case No. 09-32467**
**Service List**

Builder Sales
38 W. Neopolitan Lane
Long Beach, CA 90803

Rymer, Moore, Jackson & Echols
Attn: Michael Dunnahoo
2801 Post Oak Blvd., Ste. 250
Houston, TX 77056

Cisco, Inc.
P.O. Box 801088
Houston, TX 77280-1088

Villages of Woodland Springs
c/o SBB Processing Center
P.O. Box 60875
Phoenix, AZ 85082-0875

Hc Glen Abbey Residential Association,
Inc.
Attn: Khara Mathews
PO Box 219223
Houston, TX 77218-9223

Attn: Corporate Secretary
National Home insurance Company
One Denver Highlands
10375 E. Havard Avenue, Ste. 100
Denver, CO 80231

Willow Forest
c/o RealManage
2633 McKinney Avenue #130-502
Dallas, TX 75204-2581

Amerisure Insurance
P.O. Box 2060
Farmington Hills, MI 48333-2060

Amerisure Mutual Insurance
P.O. Box 78000
Detroit, MI 48278-0226

Texas Residential Commission
PO Box 13509
Austin, TX 78711

Monarch Village Community Assc.
P.O. Box 1677
Stockbridge, GA 30281

Brunswick Lakes Homeowners Assc.
c/o Principal Management Group
11000 Corporate Centre Drive, Ste. 150
Houston, TX 77041

Marsh USA, Inc.
Two Logan Square
Philadelphia, PA 19103-2797

Metlife Small Market
SBC Master Tax Expert
18210 Crane Nest Drive
Tampa, FL 33647

State Farm Insurance Companies
P.O. Box 799100
Dallas, TX 75379

Arizona Water Company
220 East 2nd Street
Casa Grande, AZ 85222

RMS
305 Fellowship Road, Ste. 100
Mount Laurel, NJ 08054

Harris County Permit Office
Attn: Cashier
105555 NW Freeway, Ste. 146
Houston, TX 77092

Fairburn Ready Mix, Inc.
P.O. Box 459
Tyrone, GA 30290

**Case No. 09-32467**
**Service List**

BB&T- Reese Insurance
350 Brandywine Blvd., Ste. 200
Fayetteville, GA 30214-1562

Willis HRH
P.O. Box 305191
Nashville, TN 37230-5191

BMC West
P.O. Box 690968
Houston, TX 77269

Highland Creek Ranch Homeowners Assc.
c/o Community Asset Management, Inc.
9802 FM 1960 Bypass, Ste. 210
Humble, TX 77338

Northgreen MUD
PO Box 218025
Houston, TX 77218-8025

Atmos Energy
P.O. Box 78108
Phoenix, AZ 85062-8108

TXU Energy
P.O. Box 650638
Dallas, TX 75265-0638

ISB Insurance Services, Inc.
7600 West Tidwell, Ste. 808
Houston, TX 77040

Friendswood Firewood Company
Attn: Brady Mora
505 Williamsburg Circle
Friendswood, Texas 77546

Texas Workforce Commission
P.O. Box 149037
Austin, TX 78714-9037

City of Pasadena, Texas
P.O. Box 672
Pasadena, TX 77501-0672

Centerpoint Energy
P.O. Box 2628
Houston, TX 77252

SCF Arizona
3030 N 3rd Street
Phoenix, AZ 85012

Centerpoint Energy
P.O. Box 4981
Houston, TX 77210-498

Brevard County Sheriff's Office
c/o Career Development
700 Park Avenue
Titusville, FL 32780

Northwest Service Center
2624 LaSalle Street
Charlotte, NC 28216

Harris County MUD #157
P.O. Box 3035
Houston, TX 77253-3035

The Honorable Edward P. Ballinger, Jr.
Maricopa County Superior Court
Northeast Facility
18380 N 40th Street
Phoenix, AZ 85032

John F. McGuire, Jr.
Thorsnes Bartolotta McGuire
2550 Fifth Avenue, 11th Floor
San Diego, CA 92103

James F. Atkins, Esq.
Thorsnes Bartolotta McGuire
2550 Fifth Avenue, 11th Floor
San Diego, CA 92103

**Case No. 09-32467**
**Service List**

Thomas J. Shorall
Shorall McGoldrick Brinkmann
1232 E. Missouri Avenue
Phoenix, AZ 85014-2912

Scott Zerlaut
Shorall McGoldrick Brinkmann
1232 E. Missouri Avenue
Phoenix, AZ 85014-2912

Paulson Reporting
3550 N Central Avenue, Ste. 102
Phoenix, AZ 85012

Bradley J. Biggs
c/o Eric Smith/Case Manager
Thorsnes Bartolotta McGuire
14545 N Frank Lloyd Wright, Ste. 1047
Scottsdale, AZ 85260

Christopher J. Wilson
Ricki Cohen
Struckmeyer & Wilson
910 E. Osborn Road
Phoenix, AZ 85014

Deirdre Carey Brown
Margaret Maxwell McClure
McGinnis Lochridge Kilgore
3200 One Houston Center
1221 McKinney Street
Houston, TX 77010

City of Grand Prairie Water Utilities
P.O. Box 660814
Dallas, TX 75266-0814

Harris County Water Control #109
11302 Tanner Road
Houston, TX 77041

Pickard Insurance Agency
P.O. Box 13499
Arlington, TX 76094

Willow Forest Homes Assc., Inc.
c/o RealManage
P.O. Box 803555
Dallas, TX 75380-3555

Gulf & Basco, LP
P.O. Box 445
Houston, TX 77001-0445

Mitel Leasing
P.O. Box 972870
Dallas, TX 75397

State of Delaware
Division of Corporations
P.O. Box 11728
Newark, NJ 07101-4728

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Twin Oaks Landscape Services, Inc.
246 Arnold Mill Road
Woodstock, GA 30188

J. Smith Lanier and Co Atlanta
11330 Lakefield Drive
Bldg 1, Ste. 100
Duluth, GA 30097

D and M Powerwashing
5905 CR 1008
Godley, TX 76044

Upshaw Insurance Agency, Inc.
P.O. Box 1299
Amarillo, TX 79105

Employment Security Commission of North
Carolina
P.O. Box 25903
Raleigh, NC 27611-5903

**Case No. 09-32467**
**Service List**

Employment Security Commission of North
Carolina
P.O. Box 25904
Raleigh, NC 27611-5904

City of Concord
P.O. Box 308
Concord, NC 28026-0308

West Asset Management, Inc.
P.O. Box 956842
St. Louis, MO 63195

West Asset Management, Inc.
Dept. 11576
P.O. Box 1259
Oaks, PA 19456

Bay Colony CIA
P.O. Box 219320
Houston, TX 77218-9320

Bay Colony Community Improvement
Association, Inc.
c/o Crest Management Company
P.O. Box 219320
Houston, TX 77218-9320

Fieldstone CA, Inc.
c/o Principal Management Group
11000 Corporate Centre Drive, Ste. 150
Houston, TX 77041

Gulf Coast Concrete & Shell
4713 Ransom Road
Richmond, TX 77469

Ofelia A Lira
2611 Daryns Landing Drive
Houston, TX 77038

Donna J. Comer
108 Forest Wind Circle
Montgomery, TX 77316

Victoria Rosella
5627 Manor Forest Drive
Kingwood, TX 7739

M.L. Rendleman Co, Inc.
c/o Baldwyn R. English, Jr.
Andrews Kurth LLP
600 Travis, Ste. 4200
Houston, TX 77002

Cory R. Ormsby
11007 Blue Feather Drive
Houston, TX 77064

Greensheet
Attn: Noel Bushu
2601 Main Street
Houston, TX 77002

Cast Fireplaces, Inc.
c/o Robert Miller
10425 Tanner Road
Houston, TX 77041

BMP & Associates, Inc.
1707 Hartwick
Houston, TX 77093

Burgess Construction, Consultants
1255 West 15th Street #1000
Plano, TX 75075

Signtex Outdoor
1225 Alma, Suite D
Tomball. TX 77375

Pasadena ISD
c/o Dexter D. Joyner
4701 Preston Avenue
Pasadena, TX 77505
*Via Electronically* caaustin@comcast.net
*Via Electronically* joyneratty@comcast.net

**Case No. 09-32467**
**Service List**

RME Equipment Inc.
P.O. Box 486
Pine Hurst, TX 77362

Leaman Building Materials Inc. d/b/a Allied
Concrete
P.O. Box 80
Thompsons, TX 77481

David Patterson
16530 Pilgrims Cr
Spring, TX 77379

Southwest Office Systems Inc.
P.O. Box 612248
DFW, TX 75261

Fashion Glass and Mirror, Inc.
Attn: Cory Hoggman
585 S. 135 E
Desoto, TX 75115

Kronberg's Flags and Flagpoles
7106 Mapleridge
Houston, TX 77081

Houston eflyer
5680 Hwy 6 #330
Missouri City, TX 77459

Kevin Duffy AIA, Inc.
3101 Richmond Ste. 211
Houston, TX 77098

Andre Reynolds
827 Victoria Lakes Dr.
Katy, TX 77493

Nancy Schuler
17327 Heath Grove Lane
Richmond, TX 77469

Target Realty
1710 FM 1960 W
Houston, TX 77090

Skelton Business Equipment
Dept #720 901 W. Main
Houston, TX   77253

Alderete Photography
Raymond Alderete
7351 Cayton
Houston, TX 77061

Forest Hills MUD
Bacon & Wallace
6363 Woodway, Ste. 800
Houston, TX 77057

Lake MUD
Bacon & Wallace
6363 Woodway, Ste. 800
Houston, TX 77057

Michael O. Leader
17606 Ginger Ridge Lane
Tomball, TX 77377

Ramiro Orozco-Macias
3702 Beau Lane
Houston, TX 77039

Houston Chronicle
801 Texas Avenue
Houston, TX 77002

Bruce J. Ruzinsky
Jackson Walker, LLP
1401 McKinney, Ste. 1900
Houston, TX 77010
***Via Electronically*** bruzinsky@jw.com

**Case No. 09-32467**
**Service List**

P.Michael Bowdin
Robert R. Martin
Brown Sims, PC
1177 West Loop South, 10th
Houston, Texas 77027-9007
***Via Electronically* mbowdoin@brownsims.com**

Westlake/LaSalle   Crossing   Homeowners
Association, Inc.
Bryan Patrick Fowler
300 West Davis, Ste. 510
Conroe, TX 77301
***Via Electronically*** bfowler@consolidated.net

Phil F. Snow
Snow Fogel Spence, LLP
2929 Allen Parkway, Ste. 4100
Houston, TX 77019
***Via Electronically*** philsnow@snowfogel.com
***Via Electronically*** janissherrill@snowfogel.com
***Via Electronically*** lauraterrell@snowfogel.com

Kenneth P. Green
2929 Allen Parkway, Ste. 4100
Houston, TX 77019

Eva S. Engelhart
City of League City
***Via Electronically*** eengelhart@rossbanks.com

Elizabeth Weller
Linebarger Goggan Blair & Sampson LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201

Susan R. Fuertes
14910 Aldine-Westfield Road
Houston, TX 77032