IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ROYCE HOMES, LP | Case No. 09-32467 |
| Debtor | Judge Lopez |

**FIRST AMENDED MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

**(Related to Docket No. 1059)**

**A HEARING ON THE MOTION TO SELL HAS BEEN SET FOR NOVEMBER 14, 2022 AT 9:30 A.M. IN THE COURTROOM OF JUDGE LOPEZ. THE TRUSTEE INTENDS TO SEEK APPROVAL OF THIS FIRST AMENDED MOTION AT THAT HEARING.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AND TO THE PROPOSED PURCHASER. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Rodney D. Tow, chapter 7 trustee ("Trustee") for the Royce Homes, LP bankruptcy estate ("Estate") hereby requests the entry of an order approving the sale of certain assets of the Estate to Cranehill Capital, LLC ("Cranehill") free and clear of liens, claims, interests, and

encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("First Amended Motion").  In support of the First Amended Motion, the Trustee respectfully states as follows:

## Purpose of the Amendment

The purpose of this amendment is to change buyers.  On September 23, 2022, the Trustee filed a Motion to Sell relating to the remnant assets of the estate.  That Motion provided a bidding process in the event of a competing bid being timely received.  (See paragraphs 14 and 15, Docket Number 1059).  The Trustee asserts that the Bidding Procedures provided in the original Motion were fair, reasonable and appropriate. The Trustee received an overbid from Cranehill.  Cranehill also sent the Trustee a $15,000 cashier's check.  The Trustee called for the highest and best bids (pursuant to Paragraph 15 e and g) from Cranehill and the original Buyer, Oak Point.  The deadline was Wednesday, October 26, 2022 at 5:00 PM.  Both parties sent their highest and best bid.  Cranehill was the highest bid.  This amendment is to change the Buyer from Oak Point to Cranehill.

## Jurisdiction

1. The Court has jurisdiction over this First Amended Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding and this First Amended Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On or about April 7, 2009, a Chapter 7 Involuntary Petition was filed against the Debtor. The Order of Relief was entered on April 30, 2009.

4.      On or about April 30, 2009, the Trustee was appointed as chapter 7 trustee for the Estate.

5.      Since being appointed, the Trustee has administered the Estate for the benefit of their creditors in accordance with the Trustee's power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6.      The Trustee has determined that there might exist property of the Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

7.      The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets that could return a net value to the Estate greater than the Purchase Price, some of which may create an undue delay in closing the Royce Homes Bankruptcy Estate. Accordingly, the Trustee has determined that the cost of pursuing the Remnant Assets and the delay in such pursuit will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets and the benefit creditors will receive from a timely case closing.

8.      Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

9. The Trustee and Oak Point negotiated the original agreement ("Purchase Agreement") for the sale of the Remnant Assets, substantially in the form attached hereto as <u>Exhibit A</u> and the Trustee subsequently filed the original Motion to Sell.

10. On October 26, 2022 the Trustee completed a bidding process between Oak Point and Cranehill. Cranehill was the high bidder at $43,700.00. The Trustee asserts that the Bidding Procedures provided in the original Motion were fair, reasonable and appropriate.

## Requested Relief

11. By this First Amended Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

12. The Purchase Agreement generally provides for a purchase price of $43,700 ("Purchase Price") for all Remnant Assets to be paid by Cranehill to the Trustee for the benefit of the Estate.

13. In accordance with the Purchase Agreement, the Remnant Assets specifically **exclude** (a) cash held at the time of the Purchase Agreement in the Seller's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case, except as provided in sub provision b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[1] (e.g., office furniture) of the Debtor; (d) the books and records used by the Debtor in the ordinary course of business, but excluding any recent statements, notices or correspondence received by

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

4

the Seller relating to Remnant Assets specifically acquired in the Purchase Agreement; (e) the Estate's rights to and interests in that certain non-recourse promissory note executed by John Speer in the amount of $1,000,000 ("Promissory Note") and related deed of trust ("Deed of Trust") pledging 318.51 acres of land in Webb County, Texas, owned by Magueyitos Land & Mineral, L.P. ("Magueyitos Property"); (f) any and all claims and defenses, arising under or related to the Promissory Note and the Deed of Trust, including, but not limited to, those arising in or related to the following proceedings: (i) Case No. 4:11-CV-03700 (S.D. Tex.); (ii) Cause No. 2022- 32582, in the 55th Judicial District Court of Harris County, Texas; and (iii) Adv. Proc. No. 22- 03168; and related litigation and/or settlement proceeds, including, but not limited to, any sale proceeds whether indirect, direct or by means of foreclosure of the Magueyitos Property; and (g) the Purchase Price for the Remnant Assets.

14. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

15. The Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Cranehill should be approved as requested.

## Authority for Requested Relief

16. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice

and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17. To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

18. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given

substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

19. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of the Trustee's business judgment under the circumstances, and is in the best interests of creditors of the Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Cranehill, the Estate would not realize any benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant Assets to Cranehill.

20. Moreover, based on the foregoing, Cranehill should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

21. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

    a. Applicable non-bankruptcy law permits sale of such property free and clear of such interest;

b. Such entity consents;

c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d. Such interest is in bona fide dispute; or

e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

## **Waiver of Stay of Order**

22. To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## **Notice**

23. Notice of this First Amended Motion has been given to the Debtor, the Office of the United States Trustee, Cranehill, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October __, 2022        By  */s/ Rodney Tow*
                                    Rodney D. Tow
                                    Chapter 7 Trustee

1122 Highborne Cay Court
Texas City, TX 77590-1403
(281) 429-8300

## CERTIFICATE OF SERVICE

I hereby certify that on October ___, 2022 I caused a true and correct copy of the foregoing to be served on the parties on the attached mailing lists by U.S. Mail, postage prepaid and/or by ECF/PACER to those registered to receive such service by certificateofservice.com.

*/s/Rodney Tow*

09-32467 Limited Service List

| | |
|---|---|
| Rodney Tow<br>Tow and Koenig PLLC<br>26219 Oak Ridge Drive<br>The Woodlands, TX 77380 | Diane G Livingstone<br>Office of U S Trustee<br>515 Rusk St<br>Ste 3516<br>Houston, TX 77002 |
| Royce Homes, L.P.<br>7850 N. Sam Houston Parkway West<br>Houston, TX 77064 | David Ronald Jones<br>Porter and Hedges LLP<br>1000 Main Street , 36th Flr<br>Houston, TX 77002-6336 |
| David W. Showalter<br>Joshua R. Leal<br>Showalter Law Firm<br>1117 FM 359, Ste.200<br>Richmond, Texas 77406-2013 | Julie Mitchell Koenig<br>Tow and Koenig PLLC<br>26219 Oak Ridge Drive<br>The Woodlands, TX 77380 |
| Richard A. McKinney<br>Higier, Allen & Lautin, P.C.<br>5057 Keller Springs Road Suite 600<br>Addison, Texas 75001-6231 | Stephen Douglas Statham<br>Office of US Trustee<br>515 Rusk<br>Ste 3516<br>Houston, TX 77002 |
| Gregory P. Crinion<br>Ashby Crinion, LLP<br>17040 El Camino Real Suite 200<br>Houston, Texas 77058 | Carl Sandin<br>Perdue Brandon Fielder Collins & Mott LLP<br>1235 North Loop West Suite 600<br>Houston, Texas 77008 |
| Nancy H. Hamren<br>Coats, Rose, Yale, Ryman & Lee, P.C.<br>3 East Greenway Plaza, Suite 2000<br>Houston, Texas 77046 | Robert C. Vilt<br>VILT AND ASSOCIATES, P.C.<br>5177 Richmond Avenue, Suite 1230<br>Houston, Texas 77056 |
| National Home Insurance Company<br>Tracy Acosta<br>10375 E. Harvard Ave.<br>Denver, Colorado 80231 | Linebarger Goggan Blair & Sampson,LLP<br>John Dillman<br>PO BOX 3064<br>Houston, Texas 77253 |

09-32467 Limited Service List

W. Steven Bryant
Locke Lord Bissell & Liddell LLP
600 Travis Street, Suite 3400
Houston, Texas 77702

Jason Marlin
LOCKE LORD BISSELL &LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

Bruce Akerly
Heather Jobe
Bell Nunnally & Martin, LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 72504-2429

P. Michael Bowdoin
Robert R. Martin
Brown Sims PC
1177 West Loop South, 10th Floor
Houston, Texas 77027-9007

Hrbacek & Associates
Dean A. Hrbacek
Himesh M. Gandhi
130 Industrial Blvd., Suite 110
Sugar Land, TX 77478

Jason R. Kennedy
Thomas, Feldman & Wilshusen, L.L.P.
9400 North Central Expressway, Suite 900
Dallas, Texas 75231

Patricia Hair
Phelps Dunbar, LLP
700 Louisiana, Suite 2600
Houston, Texas 77058

Dexter Joyner
 4701 Preston Ave
Pasadena, Texas 77505

Walter J. Cicack
Christina M. Putman
SEYFARTH SHAW LLP
700 Louisiana, Suite 3700
Houston, Texas 77002

Edgar A. Goldberg
819 Lovett
Houston, Texas 77006

Bruce Ruzinsky
Jackson Walker LLP
1401 McKinney Suite 1900
Houston, Texas 77010

The Fowler Law Firm
Bryan Patrick Fowler
300 West Davis Suite 510
Conroe, Texas 77301

Phil F. Snow
Kenneth P. Green
Snow Fogel Spence LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019

Ross Banks May Cron & Cavin PC
Eva Engelhart
Arnold Polanco
2 Riverway Suite 700
Houston, Texas 77056

09-32467 Limited Service List

| | |
|---|---|
| Linebarger Goggan Blair & Sampson LLP<br>2323 Bryan Street, Suite 1600<br>Dallas, Texas 75201 | Susan Fuertes<br>14910 Aldine-Westfield Road<br>Houston, Texas 77032 |
| Fredreck S. Hudgens<br>Hoover Slovacek<br>5847 San Felipe Suite 2200<br>Houston, Texas 77057 | David Chaumette<br>DelaRosa & Chaumette<br>1330 Post Oak Blvd., Suite 2250<br>Houston, Texas 77056 |
| Eileen Miggins Hohlt, Esq.<br>MCDANIEL HOHLT, P.C.<br>3555 Timmons, Suite 1225<br>Houston, Texas 77027 | W. Jason Walker<br>Andrews Myers Coulter & Hayes PC<br>3900 Essex Lane Suite 800<br>Houston, Texas 77027 |
| Adam Criaco<br>Criaco Corteguera<br>519 N. Sam Houston Pkwy E, Suite 500<br>Houston, Texas 77060 | Builders Mechanical, Inc.<br>11143 Spring Cypress Road<br>Tomball, Texas 77377-8501 |
| CT Corporation System<br>1209 Orange Street<br>Wilmington, Delaware 19801 | Deborah Bates<br>c/o Henry Kaim<br>King & Spalding LLP<br>1100 Louisiana Suite 4000<br>Houston, Texas 77002-5213 |
| John Speer<br>c/o Steve Shurn<br>Hughes Watters Askanase LLP<br>333 Clay 29th Floor<br>Houston, Texas 77002-2571 | Decker Oaks Development II, Ltd.<br>617 W. Main<br>Tomball, Texas 77375-5500 |
| General Electric Company<br>c/o DeHaan & Bach LPA<br>25 Whitney Drive Suite 106<br>Milford, Ohio 45150-8400 | Luxury Baths by Arrow<br>5855 Cunningham<br>Houston, Texas 77041-4701 |

09-32467 Limited Service List

| | |
|---|---|
| Mitchell Humphrey<br>11898 LaSalle Spring Court<br>Conroe, Texas 77304-4007 | Regions Bank<br>8440 Jefferson Highway<br>Baton Rouge, LA 70809-7679 |
| Sandtrap Grill<br>819 Lovett<br>Houston, Texas 77006-3905 | Suncoast Post Tension Ltd.<br>509 N. Sam Houston, Parkway Suite 300<br>Houston, Texas 77060-4130 |
| Wisenbaker Builder Services Inc.<br>1703 Westfield Loop<br>Houston, Texas 77073 | Susan Brandt<br>Nathan Sommers Jacobs<br>2800 Post Oak 61st Floor<br>Houston, Texas 77056 |