United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 14, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ROYCE HOMES LP, | Case No. 09-32467 |
| Debtor | Judge Lopez |

### ORDER GRANTING FIRST AMENDED MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Upon the First Amended Motion of Rodney D. Tow, chapter 7 trustee ("Trustee") for the estate ("Estate") of the captioned debtor ("Debtor"), requesting the entry of an order approving the sale of certain assets of the Debtor's Estate to Cranehill Capital LLC ("Cranehill") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief ("First Amended Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the First Amended Motion; and any objections to the First Amended Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with the Trustee's fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; and the Court having determined that the legal and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the First Amended Motion is GRANTED.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Cranehill for the Purchase Price of $43,700.

6. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Cranhill ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

8. Cranehill is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

9.      The transfer of the Remnant Assets to Cranehill pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Remnant Assets, and shall vest Cranehill with all of the Trustee's and the Debtor's Estate's right, title and interest in the Remnant Assets and proceeds thereof.

10.     Excluded from Remnant Assets are the following: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[2] (e.g., office furniture) of the Debtor; (d) the books and records used by the Debtor in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Seller relating to Remnant Assets specifically acquired in this Agreement; (e) the Estate's rights to and interests in that certain non-recourse promissory note executed by John Speer in the amount of $1,000,000 ("Promissory Note") and related deed of trust ("Deed of Trust") pledging 318.51 acres of land in Webb County, Texas, owned by Magueyitos Land & Mineral, L.P. ("Magueyitos Property"); (f) any and all claims and defenses, arising under or related to the Promissory Note and the Deed of Trust, including, but not limited to, those arising in or related to the following proceedings: (i) Case No. 4:11-CV-03700 (S.D. Tex.); Cause No. 2022-32582, in the 55th Judicial District Court of Harris County, Texas; and (iii) Adv. Proc. No. 22-03168; and related litigation and/or settlement proceeds, including, but not limited to, any sale proceeds whether indirect, direct or by means of foreclosure of the Magueyitos Property; and (g) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto

---

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

11.  The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

12.  This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Signed: November 14, 2022

_____
Christopher Lopez
United States Bankruptcy Judge

3